IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HULEN T. HARRELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. C 13-1351 RMW (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND;<br>ORDER DENYING MOTION<br>TO RECUSE<br><br>(Docket No. 4) |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court DISMISSES the complaint with leave to amend.

**DISCUSSION**

A.　Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff's complaint is difficult to understand. According to plaintiff's declaration and affidavit, plaintiff was convicted in 1975, 1983, and 1993 of felony crimes in Alameda County Superior Court, and, as a result, plaintiff claims that he was subject to false imprisonment or simple kidnapping. Plaintiff also appears to be raising a deliberate indifference claim and possibly a retaliation claim, but the court cannot determine the exact contours of plaintiff's action.

Plaintiff's complaint must be dismissed for several reasons. First, plaintiff's claims implicating his previous convictions are barred by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). The United States Supreme Court has held that to recover damages in a suit under Section 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. Id. Thus, Plaintiff cannot proceed with this claim pursuant to Section 1983. Instead, Plaintiff's exclusive remedy, one to which he has unsuccessfully resorted in the past, see Harrell v. Butler, No. 00-2516 PJH (N.D. Cal. Sept. 22, 2008) (judgment), is habeas corpus. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 682 (9th Cir. 1984) (concluding that § 1983 action seeking declaratory judgment based on the prosecutor's alleged failure to preserve exculpatory evidence required dismissal because "in order to prevail on this claim, [plaintiff] must collaterally void his state court conviction") (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).) In addition, to the extent plaintiff is seeking reversals of his previous

convictions as his requests for relief, habeas corpus is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).

Second, the complaint does not comply with the requirement that the averments be "simple, concise, and direct." For example, one of plaintiff's claims appears to state a deliberate indifference to medical needs claim if plaintiff can sufficiently plead his allegations. Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, plaintiff has not provided the court with the sufficient information necessary to determine whether an Eighth Amendment claim for relief has been stated against any defendant. "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56, (2007) (citations omitted). A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face." Id at 570.

In this case, plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim. Plaintiff will be granted leave to amend to allege specifics. In his amended complaint, he must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Sweeping

Order of Dismissal With Leave to Amend
G:\PRO-SE\RMW\CR.13\Harrell351dwla.wpd            3

1 conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each
2 individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634.
3   In sum, plaintiff's allegations fail to specifically state what happened, when it happened,
4 what each defendant did, and how those actions or inactions rise to the level of a federal
5 constitutional violation. Without this basic information, the plaintiff's case must be dismissed.
6 The complaint need not be long. In fact, a brief and clear statement with regard to each claim
7 listing each defendant's actions regarding that claim is preferable. Accordingly, the complaint is
8 DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which
9 to amend to correct the deficiencies in his complaint if he can do so in good faith.
10 C.   Motion to Recuse
11   Plaintiff has filed a motion requesting his case to be assigned to Oakland or San
12 Francisco, and in the alternative, to disqualify Judge Hamilton and the undersigned judge from
13 presiding over this action. (Docket No. 4.) Plaintiff requests a different judge because both the
14 undersigned and Judge Hamilton had denied Plaintiff's two previous federal habeas actions. (Id.
15 at 2.) Absent a legitimate reason to recuse himself or herself, a judge has a duty to sit in
16 judgment in all cases assigned to that judge. United States v. Holland, 519 F.3d 909, 912 (9th
17 Cir. 2008). The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is
18 the same: Whether a reasonable person with knowledge of all the facts would conclude that the
19 judge's impartiality might reasonably be questioned. United States v. McTiernan, 695 F.3d 882,
20 891 (9th Cir. 2012). Plaintiff has not presented sufficient evidence to warrant recusal. The
21 motion is DENIED.
22                              **CONCLUSION**
23   For the foregoing reasons, the court hereby orders as follows:
24   1.   Plaintiff's complaint is DISMISSED with leave to amend.
25   2.   If plaintiff can cure the pleading deficiencies described above, he shall file an
26 AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended
27 complaint must include the caption and civil case number used in this order (C 13-1351 RMW
28 (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must

Order of Dismissal With Leave to Amend
G:\PRO-SE\RMW\CR.13\Harrell351dwla.wpd         4

1 indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HULEN TIMMOTHY HARRELL,

        Plaintiff,

  v.

STATE OF CALIFORNIA et al,

        Defendant.

Case Number: CV13-01351 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hulen T. Harrell PFN #AAN366
GDDF
Floor 1, Pod A, Cell 5
550 6th Street
Oakland, CA 94607

Dated: July 26, 2013

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk